UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ULNER STILL,
                       Petitioner,

    -vs-                                              **No. 07-CV-6522(VEB)**
                                                        **DECISION AND ORDER**
JAMES T. CONWAY,

                       Respondent.
_____

**I.      Introduction**

Proceeding *pro se*, Ulner Still ("Still" or "Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state custody pursuant to a judgment of conviction following a jury trial in New York State Supreme Court (Erie County). The parties have consented to disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). For the reasons that follow, the petition is dismissed.

**II.     Background**

Petitioner was found guilty after trial of six counts of assault in the second degree (N. Y. Penal Law § 120.05(1)(2)), six counts of assault in the third degree (N. Y. Penal Law § 120.00(1)) and two counts of endangering the welfare of a child (N. Y. Penal Law § 260.10(1)). The proof adduced at trial may be summarized as follows.

In the spring of 2003, Susan Still and her husband, Petitioner, lived in the Town of Amherst with their 13-year old son, Dane, an 8-year old son, DazMann, and an older daughter, Angel. In April, Petitioner told Mrs. Still that she should leave the household, but he said she could stay if she agreed to be a slave to the children. Petitioner made her kiss his feet and their

daughter's feet. At the end of April or early May, Petitioner beat his wife with a belt, striking her about five times in the arms, legs and shoulders causing severe pain. (252, 253, 255, 261-264).

On May 5, 2003, Petitioner was displeased with his wife's conduct and hit her on the head, knocking her to the floor. He then punched her five - ten times about the arms, torso and head and he kicked her three times. The two boys were present during the assault. Mrs. Still was extensively bruised and experienced severe pain. (265-273).

On May 14, 2003, Petitioner became angry with his wife again and hit her five to ten times, causing her significant pain for four or five days. (275, 280-281). Thereafter, Petitioner punched her about ten times and kicked her two to three times, causing significant bruising and pain. (281-284).

On May 20, 2003, Petitioner smacked Mrs. Still in the head in the presence of their children. As a result of the assault, Mrs. Still experienced shooting pains and her hearing was affected. (285-287).

On May 28, 2003, Petitioner beat his wife with a belt about five times, and told the children to slap her, which they did. (288-290).

On June 2, 2003, Petitioner beat his wife with a book ten to fifteen times, and hit her again about five to ten times causing severe pain. (290-294).

On June 16, Petitioner hit Mrs. Still in the head and arms about ten times and punched her in the stomach.(306-308).

On June 20 and 22, Petitioner assaulted his wife again. (309, 314, 316-317).  On June 22nd, Petitioner told his older son to videotape the assault (319-322).

Thereafter, Mrs. Still went to the police and was subsequently taken to a shelter with her

two sons. (323, 326, 333).

On June 27, 2003, Mrs. Still was examined and the doctor noted multiple bruises around her right eye, left leg and right arm. In addition, she had a perforated eardrum which affected her hearing. (381, 385-386, 388, 390). Mrs. Still's supervisor at work testified that she observed bruises on Mrs. Still on May 6 and 23 and June 3 and 23, 2003. (454-455, 462-463, 467-468, 472-473).

The proof established that on two occasions petitioner whipped his wife with a belt. On two other occasions he kicked her while he was wearing sneakers. Finally, there was proof that he hit her with a book, causing physical injury.

The jury returned a guilty verdict on all charges. Still was sentenced on December 20, 2004, to six-year determinate terms of imprisonment for each of the six assault in the second degree counts, and one-year definite terms for each of the remaining counts (six counts of assault in the third degree and two counts of endangering the welfare of a child), all terms to be served consecutively. Petitioner's aggregate sentence after sentencing totaled 43 years.

Petitioner's conviction was unanimously modified by the intermediate state appellate court on February 3, 2006. *People v. Still*, 26 A.D.3d 816 (App. Div. 2006). The Appellate Division directed that the definite sentences imposed on counts 3 and 8 through 14 of the indictment run concurrently with each other and with the determinate sentences imposed on the remaining counts of the indictment. As modified, the Petitioner's aggregate sentence was 36 years.  The judgment was otherwise affirmed. Permission to appeal to the state's highest court was denied on April 25, 2006. *People v. Still*, 6 N.Y.3d 853.

Petitioner filed an application that he styled as seeking *coram nobis* relief with the

Appellate Division challenging on July 2, 2007. The application was denied on September 28, 2007. *People v. Still*, 43 A.D.3d 1454. Permission to appeal to the New York Court of Appeals was denied on December 4, 2007.

This habeas petition followed in which Still raises numerous grounds for relief. Respondent answered the petition, interposing the defense of untimeliness as well as procedural default with regard to several of the claims (denial of right to be present during a readback of testimony to the jury). Respondent argues that the denial of Still's mistrial motion during voir dire does not provide a basis for habeas relief; that the evidence adduced at trial satisfied the constitutional standard; that the claim concerning the length of his sentence does not implicate a constitutional right; the claim concerning the swearing of the jury panel does not implicate a constitutional right; the trial court's manner of instructing the jury did not violate the Constitution; that the testimony of Dr. Lerner, the victim's treating physician, was constitutional inadmissible hearsay and amounted to improper opinion evidence as to the cause of injuries; that the admission of a date book into evidence does not implicate the Constitution; and that the testimony of the victim's work supervisor, Lynn Jasper, did not violate petitioner's constitutional rights.

For the reasons that follow, the petition is dismissed as untimely.

## II.     The One-Year Statute of Limitations in 28 U.S.C. § 2244(d)(1)

### A.     Timeliness and Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus. For most habeas petitioners, including Still, this period generally runs from the later of the date on which the judgment became final. 28 U.S.C. §

2244(d)(1)(A).

Petitioner completed his direct appeal proceedings on April 25, 2006, when the state's highest court denied his application for permission to appeal. Since Petitioner had 90 days thereafter in which to seek a writ of *certiorari* with the United States Supreme Court, his conviction became final on July 24, 2006. *Williams v Artuz*, 237 F.3d 147, 151 (2d Cir. 2001), cert denied, 534 U.S. 924 (2001). In the absence of statutory tolling under 28 U.S.C. § 2244(d)(2) for properly filed state-court motions for post-conviction relief, Petitioner had until July 24, 2007, to file his petition in District Court. However, Petitioner did not file his petition until October 24, 2007.

Accordingly, his petition is untimely unless he can establish that there was sufficient statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) which provides that the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (emphasis added)  An application is "properly filed" if it is "an application for post-conviction relief recognized as such under governing state procedures," *Adeline v. Stinson*, 206 F.3d 249, 251-52 (2d Cir.2000), and "when its delivery and acceptance are in compliance with the applicable rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 363 (2000).The Supreme Court has held that for purposes of Section 2244(d)(2), "an application is 'properly filed' when its delivery . . . [is] in compliance with the applicable law and rules governing filings. These usually prescribe, for example . . . the time limits upon its delivery. . . ." *Artuz*, 121 S.Ct. at 363.

I agree with Respondent that Petitioner cannot avail himself of Section 2244(d)(2)'s

tolling. On July 2, 2007, Petitioner caused to be filed in the Appellate Division a motion "in the nature of *coram nobis*." The motion was denied on September 28, 2007, and permission to appeal to the New York Court of Appeals was denied on December 4, 2007. In his motion, Petitioner contended that the Appellate Division's affirmance of his conviction "without addressing the merits of the defendant's [Confrontation Clause] claims under *Crawford* was error, particularly where the order affirming the judgment did not comport with the requirements of [New York Criminal Procedure Law] § 470.25." He also claimed that the Appellate Division's finding that he was not prejudiced by the trial court's mention, during jury *voir dire,* that Petitioner had uncharged misdemeanors, is contrary to precedent.

Although Petitioner labeled his motion for relief "in the nature of *coram nobis*," it was in actuality a motion to reargue his direct appeal. He was not claiming that appellate counsel was ineffective, the typical basis for a *coram nobis* application. *People v Bachert*, 69 N.Y.2d 593. Pursuant to 22 N.Y.C.R.R. 1000.13(p)(1), a motion to reargue must be made within 30 days of service upon him of the order being appealed from, with notice of entry. The time to make the motion is extended five days if the order is served by mail. The order of the Appellate Division in question was served by mail on February 7, 2006. Accordingly, Petitioner had until March 14, 2006, to make his motion. Since the motion was not made until July 2, 2007, it was untimely under New York's procedural rules. Therefore, it cannot be considered "properly filed" for purposes of Section 2244(d)(2). *See*, *e.g.*, *Paul v. Conway*, No. 04 Civ. 9493SHSDFE, 2005 WL 2205644, at *9 (S.D.N.Y. Sept. 9, 2005) ("[W]as Paul's 8/6/03 motion to the Appellate Division a "properly filed application"? I conclude that it was not. It is unclear whether the First Department actually permits a motion to reargue a denial of a *coram nobis* motion. In any event,

Paul's 8/6/03 motion was very untimely, because Paul made it ten months after the 10/8/02 denial. Thus the 8/6/03 motion was not "properly filed.") (citing *Artuz*, 121 S.Ct. at 363) ("[A]n application is 'properly filed' when its delivery . . . [is] in compliance with the applicable law and rules governing filings. These usually prescribe, for example . . . the time limits upon its delivery. . . .").

### B. Equitable Tolling

The Supreme Court and the Second Circuit have both held that extraordinary circumstances may exist which could equitably toll the statute of limitations under the 1996 amendments to the Federal habeas statute. *See Pace v. DiGuglielmo*, 544 U.S.408 (2005); *Warren v. Garvin*, 219 F.3d 111 (2d Cir.2000); *Smith v. McGinnis*, 208 F.3d 13 (2d Cir.2000). The burden of establishing such extraordinary circumstances falls on the petitioner. *See Pace*, 544 U.S. at 418. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way." *Id.*

Petitioner has neither asserted any extraordinary circumstances that would have prevented him from timely filing nor has he shown that he was diligently pursuing his rights during the time that the statute of limitations was running. Thus, Petitioner's petition for a writ of habeas corpus is untimely and must be dismissed.

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of

appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

/s/ *Hon Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED: March 10, 2011
Rochester, New York